UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO TOWN CENTER II, L.L.L.P.;
OVIEDO LHC I, L.L.C.; OVIEDO LHC
II, L.L.C.; OVIEDO LHC III, L.L.C.;
OVIEDO LHC IV, L.L.C.; OVIEDO
TOWN CENTRE DEVELOPMENT
GROUP, L.L.L.P.; OVIEDO TOWN
CENTRE II PARTNERS, L.L.L.P.;
OVIEDO TOWN CENTRE III, L.L.L.P.;
OVIEDO TOWN CENTRE IV, L.L.L.P.;
ATLANTIC HOUSING PARTNERS
L.L.L.P.; CONCORD MANAGEMENT,
LTD.; SOUTH FORK FINANCIAL,
L.L.C.; and CPG CONSTRUCTION,
L.L.L.P.,

    Plaintiffs,

v.                  Case No. 6:16-cv-1005-Orl-37GJK

CITY OF OVIEDO, FLORIDA

    Defendant.

## ORDER

This action reflects an inordinate amount of motion practice. The initial iterations of the Complaint concern alleged violations of the Federal Fair Housing Act and Florida's analogue statute (collectively, "**FHA Claims**"). (*See* Docs. 1, 21.) Subsequently, the Court granted Plaintiffs leave to amend the Complaint to add a due process claim ("**DP Claim**"). (Doc. 49.) In their most recent motion, Plaintiffs seek to extend the discovery deadline (Doc. 96 ("**Extension Motion**").) For the reasons set forth below, the motion is due to be denied.

-1-

## I. BACKGROUND

On January 25, 2017, the Court entered a Case Management and Scheduling Order ("**CMSO**") setting forth, *inter alia*, a discovery deadline of **April 6, 2017** ("**Discovery Deadline**"). (Doc. 38.) After obtaining certain discovery from Defendant within this deadline, Plaintiffs requested leave to file a second amended complaint ("**SAC**") adding the DP Claim. (Doc. 48 ("**Motion for Leave**").) The Motion for Leave was unopposed and also requested an extension of all CMSO deadlines. (*Id.* at 8.) Upon consideration, the Court granted the Motion for Leave in part and permitted Plaintiffs to file a SAC. (Doc. 49 ("**April 17 Order**").) The April 17 Order, however, declined to extend the CMSO deadlines. (*Id.* at 4.)

Importantly, the Court based its ruling on Plaintiffs' representations that the DP Claim: (1) was closely related to the FHA Claims; (2) shared much of the same supporting evidence as the FHA Claims; and (3) did not arise from new facts, as Defendant had knowledge of its factual basis since December of 2012. (*See* Doc. 49; *see also* Doc. 48.) Despite these representations, Plaintiffs now seek to extend the Discovery Deadline to depose a third-party witness with discoverable evidence about the DP Claim. (Doc. 96, p. 6.) Defendant objects. (Doc. 97.)

## II. DISCUSSION

As set forth in the CMSO, motions to extend the discovery deadlines are disfavored. (Doc. 24, p. 7.) The Court generally denies such motions absent a showing of good cause. (*Id.*) Plaintiffs contend that good cause exists because the additional deposition sought will clarify documents that Plaintiffs recently obtained. (*See* Doc. 96,

p. 6.) The Court, however, is unpersuaded that this constitutes good cause. Indeed, had Plaintiffs represented that their prosecution of the DP Claim would require additional discovery beyond that already obtained, the Court likely would not have granted the Motion for Leave, which they filed *after* the expiration of the Discovery Deadline. Rather, the Court allowed the additional claim to proceed based on Plaintiffs' implied representation that the DP Claim would not further protract this action. (*See* Doc. 49, p. 4.) The Court will not allow Plaintiffs to retreat from this representation at this advanced stage of the litigation. Hence the Extension Motion is due to be denied.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Extend Discovery Deadline to Permit Plaintiffs to Depose Witness and Incorporated Memorandum of Law (Doc. 96) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 9, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record