UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVIEDO TOWN CENTER II, L.L.L.P.;
OVIEDO LHC I, L.L.C.; OVIEDO LHC
II, L.L.C.; OVIEDO LHC III, L.L.C.;
OVIEDO LHC IV, L.L.C.; OVIEDO
TOWN CENTRE DEVELOPMENT
GROUP, L.L.L.P.; OVIEDO TOWN
CENTRE II PARTNERS, L.L.L.P.;
OVIEDO TOWN CENTRE III, L.L.L.P.;
OVIEDO TOWN CENTRE IV, L.L.L.P.;
ATLANTIC HOUSING PARTNERS
L.L.L.P.; CONCORD MANAGEMENT,
LTD.; SOUTH FORK FINANCIAL,
L.L.C.; and CPG CONSTRUCTION,
L.L.L.P.,

    Plaintiffs,

v.               Case No. 6:16-cv-1005-Orl-37GJK

CITY OF OVIEDO, FLORIDA

    Defendant.

## ORDER

In the instant action, Plaintiffs assert a due process claim under 42 U.S.C. § 1983 ("**DP Claim**") against the City of Oviedo ("**City**"). (*See* Doc. 52.) The DP Claim challenges an ordinance altering the City's billing practices for water and sewer services. (*Id.* ¶ 31.) On May 1, 2017, Defendant moved to dismiss the DP Claim on the ground that it is time-barred under the applicable statute of limitations ("**SOL**"). (Doc. 62). Plaintiff responded. (Doc. 80.) Upon consideration, the Court requires additional briefing to rule on the Motion.

In their DP Claim, Plaintiffs appear to assert a substantive due process violation.[1] (*See* Doc. 52, ¶¶ 67, 79.) In general, only fundamental rights—those rights created by the Constitution—form the basis of a substantive due process claim. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc). The Eleventh Circuit, however, has recognized an exception to this general rule, which permits a substantive due process claim to lie where a person's state-created rights are infringed by a "legislative act." *Kentner v. City of Sanibel*, 750 F.3d 1274, 1279–80 (11th Cir. 2014); *Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005). Absent the existence of a recognized underlying right, a due process claim brought under § 1983 fails. *See Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

Here, Plaintiffs have failed to identify the existence of a cognizable underlying constitutional or state-created right. Such failure prevents the Court from assessing whether Plaintiffs have stated a due process violation *vel non*. In addition, without knowledge of the underlying right, the Court cannot assess when the right was violated in order to apply the relevant SOL. *See McKinney*, 20 F.3d 1550, 1556–57 (finding that for purposes of a statute of limitations a "violation of a substantive due process right . . . is complete when it occurs"). Hence the Court cannot rule on the Motion without further information.

---

[1] To the extent Plaintiffs attempt to assert a procedural due process violation (*see* Doc 52, ¶ 76), their sparse allegations fail to illuminate its basis. Specifically, Plaintiffs have not identified the deprivation of a constitutionally-protected liberty or property interest, a necessary element of a procedural due process claim. *See J.R. v. Hansen*, 803 F.3d 1315, 1320 (11th Cir. 2015).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before Thursday, **June 22, 2017**, Plaintiffs are **DIRECTED** to file a supplemental brief, supported by legal authority, which identifies the underlying right they contend gives rise to their due process claim and where those allegations appear in the operative complaint. The brief may not exceed **ten (10) pages**.

2. Within **seven (7) days** of receipt of Plaintiffs' supplemental brief, Defendant may file a response, also limited to **ten (10) pages**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 15, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record